Willis H. LaVance Assistant Deputy for Administrative Support Department of Social Services 1575 Sherman Street Denver, Colorado 80203
Dear Mr. LaVance:
I am writing in response to your request for an opinion on the following questions:
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does the Department of Social Services have title to food stamp coupons issued to the state by the United States Department of Agriculture (USDA) pursuant to the Food Stamp Act of 1977?
My answer is "no."
2. Does the Department of Social Services have title to donated foods given to the state by the United States Department of Agriculture (USDA) pursuant to a variety of federal laws?
 Except in the limited situation in which the state becomes the eligible recipient of the donated foods, the state does not have title to the donated foods.
ANALYSIS
Food Stamp Coupons
Food Stamp coupons are benefits made available to eligible needy recipients pursuant to the Food Stamp Act of 1977, Pub.L. 95-113,91 Stat. 958 et seq. (hereinafter the "Act"). The coupons are used by eligible recipients in lieu of cash to purchase food from approved retail food stores and wholesale food concerns. See sections 4(a) and 9(a) of the Act and 7 CFR section 274.10. The retail food stores and wholesale concerns can then redeem the coupons for cash from approved banks. (See section 10 of the Act and 7 CFR 272.5). Pursuant to section 15(d) of the Act, food stamp coupons are considered to be financial obligations of the United States. The Colorado Department of Social Services, in accordance with C.R.S. 1973, 26-1-109 and section 4 of the Act represents the State of Colorado for the purpose of participating in the food stamp program. Like other public welfare programs, the food stamp program, pursuant to C.R.S. 1973, 26-1-101 etseq, is supervised by the Colorado Department of Social Services but is actually conducted by the county departments of social services.
The coupons are only program benefits that are funneled from USDA through the Colorado Department of Social Services to eligible recipients. Under the Act and the attendant regulations (7 CFR parts 270-275) the Department of Social Services (hereinafter the "department") can do only one of three things with the coupons:
1. Distribute them to eligible recipients. (7 CFR 274.1)
2. Return them to USDA (7 CFR 274.2(e)(9)(iii) or
 3. Destroy them if they are mutilated or unusable. (7 CFR 274.5
and 274.8)
Under section 7(f) of the Act, the department is responsible to USDA for any financial losses involved in the acceptance, storage, and issuance of food stamp coupons. However, the department never acquires title to the coupons.
2. Donated Foods.
The term "donated foods" is used to refer to commodities as defined in 7 CFR 250.3(a). It refers to foods donated or available for donation by USDA under any of a variety of federal laws. The terms and conditions under which these donated foods are made available to the various federal, state, and private agencies that participate as distributing agencies are set forth in 7 CFR part 250 as amended by 43 F. Reg. 4029, 9783 and 39070-39074. Under 7 CFR section 250.3(e) "distributing agencies" are defined to be:
 State, Federal or private agencies which enter into agreements with the Department (USDA) for the distribution of commodities to eligible recipient agencies and recipients. A distributing agency may also be a recipient agency.
Pursuant to this regulation the Colorado Department of Social Services has entered into an agreement with USDA for the distribution of donated foods in Colorado.
The question of title to the donated foods is addressed in 7 CFR 250.4(f) which states that:
 Title to commodities shall pass to distributing agencies upon their acceptance of the commodities at time and place of delivery, limited, however, by the obligation of the distributing agency to use such commodities for the purposes and upon the terms and conditions set forth in this part.
7 CFR 250.6(a) requires the state to distribute donated foods only to agencies or recipients that are eligible under7 CFR part 250. Hence, pursuant to section 250.4(f) a state has title to donated foods only for the purpose of distributing the foods to eligible parties.
Although the statutory and regulatory setup is somewhat different, the relationship of the state to USDA with regard to donated foods is the same as it is with regard to food stamp coupons. Although 7 CFR 250.6(e)(1) makes the state liable to USDA for the value of donated foods that have been improperly distributed or improperly safeguarded, the state does not have title to the foods in the strict sense of the term. It only has custody of the foods and is only free to distribute the foods to eligible recipients. However, there is one exception to this general statement. The state can be both an agencydistributing donated foods and an eligiblerecipient of donated foods. For instance under section 210 of the Agriculture Act of 1956, 7 U.S.C. § 1859, and 7 CFR section 250.8(f) state correctional institutions for minors may be eligible recipients of donated foods. Therefore, if, for example, the Lookout Mountain School for Boys received donated foods these would become the property of the state and should be considered to be assets of the state. However, except in the limited situations in which the state becomes the eligible recipient of the donated foods, the state does not have title to the donated foods.
A related issue here is whether or not the food stamps coupons and donated foods are to be considered revenue to the State of Colorado. C.R.S. 1973, 24-36-103(1) states that:
 It is the duty of every officer, department, institution and agency of the state government charged with the responsibility of collecting the various taxes, licenses, fees and permits imposed by law and of collecting or accepting tuition, rentals, receipts from the sales of property and monies of any other nature accruing to the state from any source whatsoever
to transmit the same to the treasury department in such manner and under such procedures as may be prescribed by law or by fiscal rule of the controller.
(Emphasis added.)
C.R.S. 1973, 24-22-105 states that:
 The state treasurer shall accept gifts, legacies and devises of money and other property to the state in the name of and on behalf of the state, with the approval of the governor and subject to the disposition thereof by the General Assembly in accordance with the direction of the donor or devisor.
SUMMARY
For the reasons set out above, it is clear that neither food stamp coupons nor donated foods (with the exception of those instances in which the state is an eligible recipient
agency under one of the donated food programs) are ever actually the property of the state. Accordingly with the exception noted, the Department of Social Services is not obligated to report food stamp coupons or donated foods as revenue or assets of the state.
Very truly yours,
 J.D. MacFARLANE Attorney General
FOOD STAMP PROGRAM FOOD
7 U.S.C. § 2011 et seq.
C.R.S. 1973, 26-1-109
SOCIAL SERVICES, DEPT. OF Food Stamps
The state does not have title to food stamps or donate foods received from the U.S. Department of Agriculture for distribution pursuant to various federal laws.